UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

AKINTADE ADEYEYE

                Petitioner,

-against-　　　　　　　　　　　　　　　　　　　　　　MEMORANDUM
　　　　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER
U.S. CITIZENSHIP AND IMMIGRATION　　　　　　　　　 05-CV-4065 (NG)
SERVICES,

                Respondent.
----------------------------------------X

**GERSHON, United States District Judge:**

Petitioner, appearing *pro se,* files the present action seeking a writ of mandamus to compel the defendant to "relinquish the petitioner's file or lift the detainer held on the petitioner." Petitioner's request to proceed *in forma pauperis* is granted, but the petition is dismissed for the following reasons.

Discussion

Petitioner seeks a writ of mandamus from the "U.S. Citizenship and Immigration Services," now known as the U.S. Immigration and Customs Enforcement ("ICE"). The Court construes petitioner's submission liberally, as he is proceeding *pro se.* See Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998) ("[A] district court must review a *pro se* petition ... 'with a lenient eye, allowing borderline cases to proceed.'") (quoting Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir. 1983).

Section 1361 provides that, "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any

1

agency thereof to perform a duty owed to the petitioner." 28 U.S.C. § 1361. It is well settled that mandamus is a drastic remedy to be used only in extraordinary circumstances. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980); In re W.R. Huff Asset Mgmt. Co., 409 F.3d 555, 562 (2d Cir. 2005). The Second Circuit has established three prerequisites to the issuance of a writ of mandamus: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the [respondent] to do the act in question; and (3) no other adequate remedy available." Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989).

A. FOIA Request

Petitioner asks this Court to compel the release of his ICE file pursuant to his Freedom of Information Act request. Federal courts have jurisdiction over FOIA requests "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). This jurisdiction, however, "is dependent upon a showing that an agency has (1) 'improperly' ;(2) 'withheld' ; (3) 'agency records.'" Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980). Prior to judicial review, the requester must exhaust her administrative remedies. New York Times Co. v. U.S. Dept. of Labor, 340 F. Supp. 2d 394, 397-98 (S.D.N.Y. 2004). "The exhaustion requirement ... allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review." Oglesby v. United States Dep't of Army, 920 F.2d 57, 61 (D.C.Cir. 1990); see also Ruotolo v. Department of Justice, 53 F.3d 4, 8 (2d Cir. 1995) ("The denial of requested information must be appealed to the head of an agency[.]"); Greene v. FBI, No. 92 Civ. 3401, 1993 WL 288132, at *2 (S.D.N.Y. 1993).

Petitioner has not satisfied the heavy burden of showing that he has no other adequate

means to attain the relief he desires or that his right to such relief is clear and indisputable. Petitioner filed a "Freedom of Information/Privacy Act" request in August 2004 and has "been in communication with his attorney concerning this issue," Petition at ¶ 3, but the present petition fails to allege that administrative remedies have been exhausted. While the mandamus application requires the existence of a clear non-discretionary duty owed to a petitioner, no such obligation to petitioner exists in this matter, rendering the application of 28 U.S.C. § 1361 inapposite.

### B. Detainer

Petitioner also seeks to have the detainer lifted. The removal of a detainer is solely within the discretion of ICE and therefore not the proper basis for the exercise of this court's jurisdiction under 28 U.S.C. § 1361. The ICE derives its authority to initiate removal proceedings against aliens convicted of aggravated felonies from 8 U.S.C. § 1228(a)(3)(A), which provides that the Attorney General "shall provide for the initiation . . . of removal proceedings . . . in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony." The placing of a detainer fits within the powers granted by this provision. These powers are discretionary, pursuant to 8 U.S.C. § 1228(a)(3)(B), which provides that "[n]othing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration before release from the penitentiary or correctional institution where such alien is confined."

The Supreme Court long ago held that "[m]andamus ... cannot be used to compel or control a duty in the discharge of which by law [a federal officer] is given discretion." Work v. United States ex rel. Rives, 267 U.S. 175, 177 (1925). Likewise, the Second Circuit has stated:

3

"[M]atters solely within the INS's discretion . . . are not reviewable under . . . 28 U.S.C. § 1361 . . . . Aside from our powerlessness to intervene, the judicial creation of such a duty would have the potential for mischievous interference with the functioning of already overburdened administrative agencies." Wan Shih Hsieh v. Kiley, 569 F.2d 1179, 1182 (2d Cir. 1978). Since ICE does not have a duty to perform any act under the provision, there is no basis for issuance of a writ of mandamus. Id.; Yilmaz v. McElroy, No. 00 Civ. 7542, 2001 WL 1606886, at *3 (S.D.N.Y. Dec 17, 2001) (issuance of a writ of mandamus requires the existence of a clear, non-discretionary duty); Sadowski v. U.S. I.N.S. 107 F. Supp. 2d 451, 453 (S.D.N.Y. 2000) (matters solely within discretion of ICE are not reviewable under mandamus statute).

Conclusion

Accordingly, petitioner's request for mandamus relief is denied and the petition is dismissed. For the purpose of an appeal, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal taken from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                     /s/
_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
       Nov. 16, 2005

4